IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

J & J SPORTS PRODUCTIONS, INC., :

    Plaintiff, :

v. : Case No. TDC-16-3631

EL RODEO RESTAURANT LLC :

    Defendant. :

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the Motion for Default Judgment ("Motion") filed by Plaintiff J & J Sports Productions, Inc. against Defendant El Rodeo Restaurant LLC. (ECF No. 11.) Defendant has not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2(a). On December 11, 2017, in accordance with 28 U.S.C. § 636 and Local Rule 301, Judge Chuang referred this case to me for a report and recommendation on Plaintiff's Motion. (ECF No. 12.) I find that a hearing is unnecessary in this case. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons set forth below, I respectfully recommend that Plaintiff's Motion for Default Judgment be granted in part and denied in part.

I.    **FACTUAL AND PROCEDURAL HISTORY**

On November 4, 2016, Plaintiff commenced this action against Defendant El Rodeo Restaurant LLC, alleging violations of the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 (unauthorized reception of cable services) and 605 (unauthorized publication or use of communications), and conversion. (ECF No. 1.) The Complaint states that Plaintiff held "the exclusive nationwide television distribution rights to . . . the 'Manny Pacquiao v. Brandon Rios, WBO International Welterweight Championship Fight Program'" that was broadcast on November 23, 2013 ("Broadcast"). (ECF No. 1 ¶ 8.) Plaintiff entered into agreements with

various commercial establishments that permitted the businesses to exhibit the Broadcast for their patrons. (*Id.* ¶ 9.) Defendant did not enter into such an agreement with Plaintiff to exhibit the Broadcast. (*Id.* ¶ 11.) Despite having "full knowledge that the [Broadcast] was not to be intercepted, received and exhibited by entities unauthorized to do so," Plaintiff alleges, "Defendant . . . unlawfully publish[ed], divulge[d] and exhibit[ed]" the Broadcast in Defendant's establishment "for purposes of direct or indirect commercial advantage or private financial gain." (*Id.*) Service of process was effected on the Defendant on November 18, 2016. (ECF No. 7.) The Defendant did not file an answer or responsive pleading within the requisite time period. Plaintiff moved for entry of default on February 21, 2017 (ECF No. 8) and the Clerk's Entry of Default was entered on June 29, 2017 (ECF No. 9).

## II.     LEGAL ANALYSIS

### A.     Standard for Entry of Default Judgment

In determining whether to award a default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *United States ex rel. Durrett-Sheppard Steel Co. v. SEF Stainless Steel, Inc.*, No. RDB-11-2410, 2012 WL 2446151, at *1 (D. Md. June 26, 2012). Nonetheless, the Court must consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012) (citing *Ryan*, 253 F.3d at 790). Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). If the Court determines that liability is established, the Court must then determine the appropriate

2

amount of damages. *CGI Finance, Inc., v. Johnson*, No. ELH-12-1985, 2013 WL 1192353, at *1 (D. Md. March 21, 2013). The Court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *Durrett-Sheppard Steel Co.*, 2012 WL 2446151 at *1.

Rule 55 of the Federal Rules of Civil Procedure provides that "[i]f, after entry of default, the Plaintiff's Complaint does not specify a 'sum certain' amount of damages, the court may enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2)." A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012). Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages, however; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010).

**B.    Liability**

Plaintiff's Complaint seeks damages under two statutes, 47 U.S.C. § 605 and 47 U.S.C. § 553. As Plaintiff concedes, however (*see* ECF No. 11-2 at 5), courts in this district have previously held that plaintiffs cannot recover under both statues for the same conduct, and generally allow for recovery under § 605 as it provides for the greater recovery. *See J & J Sports Productions, Inc. v. Royster, et al.*, No. RWT-11-1597, 2014 WL 992779, at *3 (D. Md. Mar. 13, 2014); *J & J Sports Productions, Inc. v. Frank Little Enterprises, LLC*, No. DKC-12-0997, 2012 WL 6019366, at *2 (D. Md. Nov. 30, 2012).

Taking as true the well-pleaded allegations of the Complaint (ECF No. 1), Defendant's liability is readily established in this case. To prove a violation of § 605(a), Plaintiff must show that Defendant, without authorization, received and divulged the Broadcast. *See That's Entm't, Inc. v. J.P.T., Inc.*, 843 F. Supp. 995, 999 (D. Md. 1993). Plaintiff entered into a contract that granted it the right to distribute the Broadcast. (ECF No. 1 ¶ 8.) Defendant willfully exhibited the Broadcast to its patrons without having obtained Plaintiff's authorization. (*Id.* ¶ 11). Accordingly, I find that Plaintiff has stated a claim for relief under 47 U.S.C. § 605 (Count I). Because Plaintiff cannot recover under both Count I and Count II of the Complaint, I recommend that Plaintiff's Motion for Default Judgment be granted as to Count I (47 U.S.C. § 605) and denied as to Count II (47 U.S.C. § 553). I also recommend that Plaintiff's Motion be denied as to Count III (conversion). *See J & J Sports Productions, Inc. v. Plaza Del Alamo, Inc.*, No. TDC-15-0173, 2016 WL 153037, at *2 (D. Md. Jan. 12, 2016) (denying default judgment as to conversion claim because plaintiff had not alleged that defendant had "unlawfully taken any of J & J's tangible property or tangible documents that evidence J & J's intangible rights"); *see also J & J Sports Productions, Inc. v. Henriquez Batres, Inc.*, No. GJH-16-2385, 2017 WL 2937936, at *3 (D. Md. July 10, 2017).

    **C.**    **Damages**

        **1.**    **Statutory damages**

Having determined that Plaintiff has established liability, it is now appropriate to determine the damages to which Plaintiff is entitled. Plaintiff acknowledges that it "cannot recover under both statutes for the same conduct," and elects to recover under only 47 U.S.C. § 605. (ECF No. 11-2 at 5.) Specifically, Plaintiff requests statutory damages pursuant to § 605(e)(3)(C)(i)(II). (*Id.*) Judge Nickerson set forth the relevant considerations in the statutory damages analysis under 47 U.S.C. § 605(e)(3)(C)(i)(II) in *J & J Productions, Inc. v.*

*Quattrocche*, No. WMN-09-3420, 2010 WL 2302353, at *1 (D. Md. June 7, 2010) (internal citations omitted):

> Here, Plaintiff has elected an award of statutory damages, which under 47 U.S.C. § 605(e)(3)(C)(i)(II) entitles Plaintiff to an award "as the court considers just," between a range of $1,000 to $10,000 for each unauthorized reception and publication of a radio communication by the defendants in violation of section 605(a). Courts in this Circuit have used two different approaches to exercising its discretion in awarding damages under § 605(e)(3)(C)(i)(II). The first approach has two variations. This approach involves multiplying a certain amount by either the number of patrons observed in the defendant's establishment at the time the program was shown or by the maximum occupancy of the establishment. The first variation seeks to approximate the defendant's profits or the plaintiff's lost earnings assuming each patron would have ordered the event for residential viewing. The second variation seeks to award the license fee the defendant would have paid if it had legally purchased the event for exhibition. The other approach to calculating damages is to award a flat sum per violation.

Plaintiff seeks statutory damages in the amount of $3,200, which is the cost the Defendant would have incurred had it purchased the Broadcast legally. (ECF No. 11-2 at 6.) This amount is based on the Rate Card submitted by Plaintiff, which states that an establishment with a capacity of 101-200 people must pay $3,200 for the rights to display the Broadcast. (ECF No. 11-4.) Plaintiff's private investigator estimated that the capacity of Defendant's establishment is 200 people. (ECF No. 11-3 at 2.) Courts in this district have previously accepted the cost to purchase a license to broadcast a program as the appropriate amount of statutory damages. *See, e.g. Henriquez Batres, Inc.*, 2017 WL 2937936, at *3; *J & J Sports Productions, Inc. v. Plaza Del Alamo, Inc.*, No. TDC-15-0173, 2016 WL 153037, at *3 (D. Md. Jan. 12, 2016). I recommend that the Court award Plaintiff $3,200 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II).

    **2.**    **Enhanced damages**

In determining whether enhanced damages are warranted, courts have examined several factors: "(1) evidence of willfulness; (2) repeated violations over an extended period of time; (3)

substantial unlawful monetary gains; (4) advertising the broadcast; and (5) charging an admission fee or charging premiums for food and drinks." *Quattrocche*, 2010 WL 2302353, at *2. Here, Plaintiff seeks enhanced damages in the amount of $9,600 (ECF No. 11-2 at 7), which is three times the amount of the statutory damages it seeks.[1] The circumstances of the Defendant's display of the Broadcast counsels against awarding enhanced damages in this amount. The Plaintiff's private investigator was not required to pay a cover charge, Defendant's establishment was substantially below capacity during the Broadcast (the private investigator counted between 52 and 63 people), and there is no evidence that the Defendant advertised that it would be showing the Broadcast. There is also no evidence that the Defendant has repeated violations of the statutes on which Plaintiff bases its claims. Nonetheless, "some enhanced damages are proper to deter potential future unlawful uses of communications." *J & J Sports Productions, Inc. v. Sabor Latino Rest., Inc.*, No. PJM 13-3515, 2014 WL 2964477, at *3 (D. Md. June 27, 2014). Defendant did intercept the Broadcast and exhibited it for direct or indirect financial advantage. Defendant and others similarly situated must be deterred from doing so in the future. Considering all of these factors, I find that enhanced damages in the amount of $6,400, which is two times the amount of statutory damages that Plaintiff seeks, is appropriate. *See Plaza Del Alamo, Inc.*, 2016 WL 153037, at *4 (D. Md. Jan. 12, 2016) (awarding enhanced damages equal to two times the statutory damages amount). I recommend that the Court award enhanced damages in the amount of $6,400.

---

[1] In previous cases, courts in this district have denied J & J's requests for enhanced damages because "J & J ha[d] repeatedly ignored the precedent set forth by courts in this jurisdiction, and sought to recover the maximum amount of damages under § 605, $100,000.00." *Henriquez Batres, Inc.*, 2017 WL 2937936, at *4. Because J & J is not requesting the maximum amount of damages in this case, the "wholesale denial of enhanced damages is not warranted." *Id.*

D.   **Attorneys' Fees**

Plaintiff seeks to recover its attorneys' fees and relevant costs incurred pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) ("The Court . . . shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."). Having found that Defendant violated § 605(a), Plaintiff is an "aggrieved party" who "prevailed" for purposes of § 605(e)(3)(B)(iii) and is entitled to recover its costs, including reasonable attorneys' fees. *See Mumford*, 2013 WL 210623, at *1. To determine what constitutes reasonable attorneys' fees, the Court calculates the lodestar amount (the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate) and then determines whether an adjustment is warranted by considering the factors enunciated in *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998). These factors are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id*. The party seeking attorneys' fees bears the burden of proving the reasonableness of the amount sought. *Mumford*, 2013 WL 210623, at *2 (citing *Robinson v. Equifax Information Services, LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009)).

Plaintiff has submitted an affidavit (ECF No. 11-6) in support of its claim for fees and costs. The affidavit attests that Plaintiff's attorneys expended a total of 4.15 working on this case. At an hourly rate of $350, Plaintiff incurred $1,452.50 in attorneys' fees. In addition, Plaintiff

7

incurred costs in the amount of $1,105.00, which are described in the Statement of Costs and Fees attached to Richard Kind's affidavit (*id.* at 3-4.) As other courts have found in similar circumstances, I find that the attorneys' fees and costs that Plaintiff incurred are reasonable "because the hours expended are modest and the hourly rate is within the acceptable range." *J&J Sports Prods., Inc. v. KD Retail, Inc.*, No. PX-16-2380, 2017 WL 1450218, at *3 (D. Md. Apr. 20, 2017); *see also J & J Sports Prods., Inc. v. Three Bros. of Hyattsville, LLC*, No. CBD-15-1327, 2017 WL 4347837, at *1 (D. Md. Sept. 29, 2017) (discussing the years of experience of Plaintiff's attorneys). I recommend that Plaintiff be awarded attorneys' fees and costs in the amount of $2,557.50.

### III. CONCLUSION

In sum, I recommend that:

1. The Court grant Plaintiff's Motion for Default Judgment (ECF No. 11) against Defendant as to Count I and deny the Motion as to Counts II and III;

2. The Court award Plaintiff a total of $12,157.50 (consisting of $3,200 in statutory damages, $6,400 in enhanced damages, and $2,557.50 in attorneys' fees and costs).

I also direct the Clerk to mail a copy of this Report and Recommendation to Defendant at the address listed on Plaintiff's Complaint (ECF No. 1). Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

December 12, 2017  　　　　　　　　　　　　　　　　/s/
Date　　　　　　　　　　　　　　　　　　　　　Timothy J. Sullivan
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge